DECISION
{¶ 1} Defendant-appellant, Regina Faye Stanifer, was convicted of one count each of disorderly conduct and resisting arrest following a bench trial in the Hamilton Municipal Court. We affirm.
 {¶ 2} At approximately 8:00 a.m. on May 13, 1998, Stanifer was involved in a verbal confrontation with a neighbor. Hamilton Police Officer Mark Hayes, who was in the vicinity investigating an unrelated report of criminal damaging, arrived on the scene as Stanifer was loudly shouting and telling the other individual "she was gonna kick her ass." Hayes testified that he advised Stanifer to quiet down and return home.
 {¶ 3} As Stanifer walked to her Campbell Avenue home approximately half-a-block away, Hayes followed in his cruiser to "make sure" she went home. During this time, Stanifer continued to use loud and profane language, referring to Hayes as an "Asshole" and a "Dick." Hayes again advised Stanifer to quiet down since there were children in the area on their way to school.
 {¶ 4} When Stanifer reached her home, she walked onto the porch and continued to loudly scream and yell. Hayes repeatedly warned Stanifer that she would be arrested if she did not stop and go into the house. In answer to Hayes' final warning, Stanifer responded by saying "F--- you, Asshole. I can say whatever I want. I'm over twenty-one."
 {¶ 5} Hayes then told Stanifer she was under arrest, exited his vehicle, and proceeded to the porch. At this point, Stanifer decided to enter her house, found the door was locked, and began yelling for someone inside to open the door. Just as Stanifer's boyfriend opened the door from within and she began to enter, Hayes grabbed Stanifer by the arm, and then "took her down" when she began to pull away and struggle. Hayes handcuffed Stanifer and escorted her to his cruiser. A neighbor testified that Stanifer was "pushing backward" and struggling to prevent Hayes from taking her to the cruiser. The neighbor also testified that when Stanifer complained that Hayes was hurting her, Hayes advised her to "quit resisting and it won't hurt."
 {¶ 6} Stanifer, who suffers from multiple personality disorder, testified that she had not yet taken her medication that morning when the incident occurred. Although admitting she was probably cursing and screaming as she walked home, Stanifer claimed she could not recall saying anything specific to Hayes and said she could remember nothing whatsoever after she hit her head on the concrete floor when Hayes threw her to the porch. Nor could Stanifer remember Hayes saying she was under arrest before coming onto the porch and subduing her.
 {¶ 7} The Supreme Court of Ohio has summarized the standard of review for manifest weight of the evidence as follows: "The Court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 8} An appellate court will not reverse a judgment as against the manifest weight of the evidence unless it disagrees with the fact-finder's resolution of any conflicting testimony. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967)10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} The record reveals that Stanifer made unreasonable noise and offensively course utterances, and used grossly abusive language in the presence of Hayes and others. Stanifer persisted in this conduct despite repeated warnings to stop. She did not make any effort to comply with Hayes' instructions until after he told her she was under arrest. Her subsequent conduct clearly reflects her forceful resistance to and interference with her own arrest. The defense witnesses were inconsistent, inconclusive, and did not substantially refute the state's evidence.
 {¶ 10} As noted in the court below, Stanifer's failure to take her prescribed medication, while possibly explaining her conduct, does not excuse it. The trial judge's final comment aptly summed up the situation when he observed that: "the whole thing occurs because you see fit to walk down the street cursing and swearing at the police officer and anybody else who might be in the vicinity to hear you." Stanifer's convictions were not against the manifest weight of the evidence and the assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., YOUNG and VALEN, JJ., concur.